IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION

| | |
|---|---|
| JIM W. HANSEN,<br><br>　　　　　　　Petitioner,<br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br>　　　　　　　Respondent. | ORDER AND MEMORANDUM<br>DECISION<br><br><br><br>Civil Case No. 1:06-CV-76 TC<br>Criminal Case No. 1:05-CR-142 TC |

*Pro se* petitioner, Jim W. Hansen, has filed a petition pursuant to 28 U.S.C. §2255 seeking to vacate, set aside, or correct his sentence.[1] Mr. Hansen bases his petition on a single contention: that he was not a convicted felon on October 31, 2005, a predicate offense underlying his conviction in the federal court. For the following reasons, Mr. Hansen's petition is DENIED.

Mr. Hansen was indicted in a one-count indictment of felon in possession of firearms and ammunition. (See 1:05 CR 142, Dkt. #1.) Mr. Hansen pleaded guilty to the indictment, which alleged that he possessed firearms and associated ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year. (see id., Dkt. #22.) At his change of plea hearing, Mr. Hansen admitted that on or about October 31, 2005, in Weber County, Utah, he knowingly possessed firearms, in and affecting interstate commerce, in violation of 18 U.S.C. § 922(g)(1) and that he had been convicted of a felony offense punishable

---

[1]Mr. Hansen filed a Petition under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody. In subsequent correspondence, Mr. Hansen asked the court to consider his petition as one filed under § 2255.

by imprisonment for more than one year.  (see id. at ¶11)  On May 23, 2006, the court sentenced

Mr. Hansen to thirty-seven months in custody.  (Dkt. #34)

Prior to Mr. Hansen's guilty plea, his counsel filed a motion to dismiss, arguing that there

was no qualifying predicate conviction to support the charge.  (Id., Dkt. #9)  Mr. Hansen

supported his motion to dismiss with the following facts, which the United States did not dispute:

1.  A federal grand jury indicted Mr. Hansen for unlawfully possessing multiple firearms

on or about October 31, 2005.

2.  On June 28, 2005, the State of Utah filed a felony information against Mr. Hansen for

possession of a controlled substance.  The charged offense was a third-degree felony, punishable

by up to five years in the Utah State Prison.

3.  Mr. Hansen eventually entered a knowing and voluntary guilty plea to the felony, as

charged, on September 12, 2005, and the court scheduled sentencing for October 24, 2005.

However, Mr. Hansen did not appear for his sentencing nor did he report to Adult Probation and

Parole for his presentence-report interview.  Accordingly, the court issued a bench warrant for

Mr. Hansen's arrest on October 24, 2005.

4.  On October 31, 2005, officers searched Mr. Hansen's home pursuant to a state search

warrant and because the bench warrant was still outstanding, Mr. Hansen was booked on the

bench warrant as well as the new charges relating to the firearms they discovered in Mr.

Hansen's possession.

5.  Mr. Hansen was sentenced on the state charges on January 13, 2006.

In his criminal case, Mr. Hansen contended that because he had not been sentenced on the

state drug charge, there was no conviction and that the indictment alleging a felon in possession

of firearms should be dismissed.  The court rejected Mr. Hansen's argument and denied his

motion to dismiss issuing a written order to that effect on January 19, 2006.  (Id. Dkt. #14)

Mr. Hansen now files the current petition, alleging once again that there was no felony conviction on October 31, 2005, and asking the court to drop all charges against him and release him from jail.  Mr. Hansen's request is not meritorious.

The Tenth Circuit has held that a guilty plea equates to a conviction according to Utah law.  Federal firearms laws direct that the law of a particular jurisdiction will determine what constitutes a felony conviction: "What constitutes a [felony conviction] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."  18 U.S.C. Section 921(a)(20).  Accordingly, the court looks to Utah law to determine whether Mr. Hansen was convicted of a felony offense when he pleaded guilty on September 12, 2005.

Utah law consistently prescribes that a plea of guilty equates to a conviction, regardless of whether sentencing has occurred.  Utah Code Annotated § 78-61-101(1) states:

> "Conviction" means an adjudication by a federal or state court resulting from a trial *or plea, including a plea of no contest, nolo contendere,* a finding of not guilty due to insanity, or not guilty but mentally ill regardless of whether the sentence was imposed or suspended.

(Emphasis added).  Utah Code Annotated § 77-38a-102(1) defines conviction as:

> (a) judgment of guilt;
> (b) *a plea of guilty;* or
> (c) *a plea of no contest.*

(Emphasis added).  Finally, Utah Code Annotated § 76-3-201 defines conviction as:

> (i) judgment of guilt; and
> (ii) *plea of guilty.*

(Emphasis added).

The Tenth Circuit has considered and decided this type of issue previously.  In <u>United States v. Gorman</u>, the court held: "upon entry of a guilty plea and its acceptance, a defendant is convicted under Utah law."  312 F.3d 1159, 1165 (10th Cir. 2002).  In <u>Gorman</u>, the issue was whether a Utah plea in abeyance was a conviction for purposes of Gorman's criminal history.  A Utah plea in abeyance actually envisions a successful defendant having the possibility of never being sentenced for the offense if he successfully completes the court's conditions associated with the plea in abeyance.  Utah Code Ann. § 77-38a-102(8) and (9).  Nonetheless, the Tenth Circuit held that such a plea was considered a conviction under Utah law, even though "the full consequences [including sentencing] of conviction are not visited upon a defendant."  <u>Gorman</u>, 312 F.3d at 1165.

Here, Mr. Hansen's proceedings are similar to those in <u>Gorman</u>, although Mr. Hansen was not extended a <u>Gorman</u>-like plea in abeyance concession in a plea negotiation.  Instead, Mr. Hansen pleaded guilty to the felony charge against him.  Having entered a guilty plea to felony possession of a controlled substance, "the full consequences of conviction" had not been visited upon him while he awaited formal sentencing.  Nevertheless, as in <u>Gorman</u>, the Tenth Circuit would find, according to Utah law, that Mr. Hansen remained convicted by virtue of his September 12 guilty plea.  <u>See</u> <u>e.g.</u> Utah Code Ann. §§ 76-3-201; 77-38a-102(1); and 78-61-101(1).  Accordingly, Mr. Hansen had been previously convicted of a felony offense when he possessed the firearms on or about October 31, 2005.

For the above reasons, Mr. Hansen's petition is dismissed.[2]

DATED this 24th day of July, 2006.

BY THE COURT:

TENA CAMPBELL
United States District Judge

---

[2]Because the petition, memoranda, files and records of this case conclusively show that Mr. Hansen is entitled to no relief, the court decides this matter without a hearing.  (See 28 U.S.C. §2255)